UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **WANDA SAVANT** | **CASE NO. 6:24-CV-00025** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **UNITED NATIONAL INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before this Court is a MOTION TO DISMISS (Rec. Doc. 8) filed by Defendant United National Insurance Company (UNIC). Plaintiff Wanda Savant filed an opposition (Rec. Doc. 15) to which UNIC replied (Rec. Doc. 24). The matter is fully briefed and ripe for ruling. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that UNIC's motion be GRANTED for lack of subject matter jurisdiction. However, rather than dismissal as UNIC requests, the undersigned recommends that the instant case be REMANDED to state court as required by 28 U.S.C. § 1447(c).

### Factual and Procedural Background

Savant filed this first-party insurance suit against UNIC in the 27th Judicial District Court, St. Landry Parish, Louisiana alleging that UNIC had insured her home which had been damaged in Hurricane Ida. (Petition, Rec. Doc. 1-1). The petition alleges three causes of action: (1) bad faith under LA. STAT. ANN. § 22:1973, (2) violating LA. STAT. ANN. § 22:1892 for failing to pay timely after receipt of satisfactory proof of loss, and (3) breach of contract. (*Id.*). UNIC removed the matter to the United States District Court for the Eastern District of Louisiana on the basis of diversity of citizenship. (Rec. Doc. 1). While the case was pending in the Eastern District, UNIC filed the instant motion (Rec. Doc. 8), and Savant filed her

opposition (Rec. Doc. 15). UNIC also filed a motion to opt out of the Eastern District's streamlined settlement process. (Rec. Doc. 12).

Pursuant to 28 U.S.C. § 1406(a), Judge Barry Ashe in the Eastern District transferred the matter to this Court since St. Landry Parish is located in the Western District of Louisiana. (Rec. Doc. 17). Upon transfer, the instant motion and UNIC's motion to opt out were referred to the undersigned. Once in this Court, UNIC filed its reply memorandum. (Rec. Doc. 24). In light of the transfer, the undersigned denied UNIC's opt out motion as moot. (Rec. Doc. 26).

UNIC contends that this Court lacks subject matter jurisdiction. According to UNIC, Savant had never reported a claim to UNIC for damages resulting from Hurricane Ida and the first notice of Savant's claim was service of the state court petition. (Rec. Doc. 8-1 at 2). Sarah Gibbons, a commercial claims examiner at UNIC, provided an affidavit attesting that UNIC had not received a claim for hurricane damage and, as such, had no proof of loss, had no opportunity to adjust any claim, and had never denied any claim by Savant. (Rec. Doc. 8-3). Since UNIC had no record of a claim, the argument proceeds that this Court lacks subject matter jurisdiction over Savant's claims for bad faith and breach of contract as she lacks standing and her claims are not ripe. As UNIC puts it, "UNIC did deny a claim because no claim was ever filed. Savant simply cannot file suit alleging a breach of contract and alleged bad faith that never occurred." (Rec. Doc. 8-1 at 5).

Savant argues in response that, after Hurricane Ida, she contacted Progressive Property Insurance Company, an entity she believed to be her insurer, to address the damage to her property. (Rec. Doc. 15 at 2; Rec. Doc. 15-1 at ¶ 5). In her affidavit, she noted that she purchased the property through the United States Department of Development Rural Development and that she understood that the USDA paid her insurance. (*Id*.). A person Savant thought to be from her insurance agency inspected her house and told her that she

did not have any damage since she had a roof. (*Id*. at ¶¶ 8-9). Savant understood that the inspection by the unidentified person was sufficient to give her insurance company notice of the claim. (*Id*. at ¶ 10).

In connection with her claim, Savant hired the law firm McClenny Moseley & Associates (MMA). Savant's opposition included a June 7, 2022 "Letter of Representation and First Notice of Claim" on MMA letterhead addressed to Progressive Property Insurance Company and sent via email. (Rec. Doc. 15-2). On June 8, 2022, an individual from the Progressive claims support team replied via email stating that the claim did not appear to be a Progressive claim and that they were unable to locate the property address or claim number in their system. (Rec. Doc. 15-2). On August 25, 2022, MMA sent an apparently form letter to Progressive via email making demand for payment of amounts contained in reports referenced in the letter. (*Id*.) On March 2, 2023, MMA sent another letter to Progressive referencing the prior letter. (*Id*.) Savant also attached a July 13, 2022 inspection report from Global Estimating Service, presumably prepared at MMA's request. (Rec. Doc. 15-3). Savant later retained current counsel on August 8, 2023 who filed the instant suit in state court on August 29, 2023. After UNIC was served with the state court petition, its counsel requested without success that Savant dismiss her suit since no claim had been filed. (Rec. Doc. 8-4).

## **Applicable Standards**

Federal courts have jurisdiction over a claim between parties only if the plaintiff presents an actual case or controversy. *See* U.S. Const. art. III, § 2, cl. 1; *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001). The justiciability doctrines of standing, mootness, political question, and ripeness "all originate in Article III's 'case' or 'controversy' language." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "The many doctrines that have fleshed out that 'actual

3

controversy' requirement—standing, mootness, ripeness, political question, and the like—are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Roark v. Hardee LP v. City of Austin*, 522 F.3d 533, 541-42 (5th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss." *Roman Catholic Diocese of Dallas v. Sebelius*, 927 F. Supp. 2d 406, 415 (N.D. Tex. 2013) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)).

A dismissal for lack of subject matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "In general, where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161. The court "should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id*. The party asserting jurisdiction bears the burden of proof. *Id*.

The standing requirement has three elements: (1) injury in fact, (2) causation, and (3) redressability. *Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the

defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Furthermore, redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

"[R]ipeness inquires as to 'whether the harm asserted has matured sufficiently to warrant judicial intervention.'" *Contender Farms, LLP v. United States Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (quoting *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 544-45 (5th Cir. 2008). In determining whether a case is ripe, the court considers: "'the fitness of the issues for judicial resolution and the hardship to the parties for withholding court consideration.'" *TOTAL Gas & Power N. Am. v. Fed. Energy Regul. Comm'n*, 859 F.3d 325, 333 (5th Cir. 2017) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Pub. Serv.*, 833 F.2d at 587.

## Analysis

UNIC does not dispute that it issued a policy covering Savant's property but disputes the veracity of Savant's allegations regarding the handling of Savant's claim because no claim had been submitted. Therefore, according to UNIC, the absence of a claim means that this Court lacks subject matter jurisdiction based on a lack of standing and ripeness. Savant responds that "Defendant's contention ignores that a timely lawsuit was filed requesting payment under the policy. In short, Plaintiff is making a claim under her insurance policy." (Opposition, Rec. Doc. 15 at 3). Savant's opposition also contends that UNIC is not prejudiced by the late notice, that she acted in good faith, and that she filed suit to preserve her rights.

5

These latter points are addressed below even though they do not bear on the jurisdiction question.

With respect to standing, UNIC relies heavily on the Middle District's ruling in *Donelon v. Altman*, 2021 WL 4205654 (M.D. La. Sept. 15, 2021). In that case, the Louisiana Insurance Commissioner sued the rehabilitator of an insolvent insurer placed in receivership by a Pennsylvania state court. As part of the rehabilitation process, the rehabilitator proposed two plans subject to approval by the Pennsylvania court. Commissioner Donelon objected to the proposed plans and sued the rehabilitator for a declaratory judgment and permanent injunction. Judge Dick granted the rehabilitator's motion to dismiss, finding that Donelon lacked standing and that the case was not ripe.

The circumstances in *Donelon* are not enlightening on the standing issue in this case. *Donelon* involved a suit by a state insurance commissioner against the rehabilitator of an insolvent insurer arising out of the rehabilitator's proposed rehabilitation plans. On the other hand, the instant case is a first-party suit by an insured against a property insurer under a policy that was undisputably placed and in effect on the date of loss. *Donelon* is simply inapposite to the resolution of Savant's standing.

Irrespective of standing, Savant's claims are not ripe. The parties do not dispute that a claim had not been submitted to UNIC prior to suit. In fact, it appears that MMA submitted a claim to the wrong insurer. If no claim had been submitted to UNIC, the question is begged how UNIC engaged in bad faith conduct and breached the insurance contract with Savant. In the absence of a claim, an insurer cannot be found to have committed or performed any of the acts listed in LA. STAT ANN. § 22:1973(B). Similarly, an insurer cannot fail to timely pay the amount of any claim due any insured within 30 days of satisfactory proof of loss if no proof of loss is made by the insured and received by the insurer as required by LA. STAT. ANN. § 22:1892. With respect to Savant's breach of contract claim, her petition alleged that UNIC

failed to perform its obligations imposed by the contract. (Rec. Doc. 1-1 at ¶ 21). There is no allegation—because Savant could not allege—that UNIC breached the policy in the absence of a claim to UNIC initiating the claim adjustment process.

The Court finds persuasive the authority cited by UNIC addressing the ripeness of breach of contract claims initiated prior to the denial of a claim. *See Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 509 F. App'x 919 (11th Cir. 2013); *Burkhalter v. Hartford Underwriters Ins. Co.*, 2021 WL 3121209 (M.D. La. July 22, 2021); *Khan v. Metro. Cas. Ins. Co.*, 2014 WL 12791874 (M.D. Fla. Mar. 6, 2014); *Moynihan v. W. Coast Life Ins. Co.*, 607 F. Supp. 2d 1336 (S.D. Fla. 2009). Other cases have held likewise. *See generally Axis Surplus Ins. Co. v. Contravest Constr. Co.*, 921 F. Supp. 2d 1338, 1343-44 (M.D. Fla. 2012) ("Ultimately, the issues regarding Amerisure's duty to defend and to duty to indemnify do not create justiciable controversies because Amerisure has not yet denied any coverage to the Insureds."); *The Jacqueline Norris Huggett v. Ironshore Specialty Ins. Co.*, 2018 WL 8359643 (S.D. Fla. July 18, 2018) (granting insurer's motion to dismiss based on ripeness and remanding); *Banks v. Nationwide Prop. & Cas. Ins. Co.*, 2018 WL 3543081, at *3 (S.D. W. Va. July 23, 2018) (finding breach of contract claim not ripe based on failure to allege denial). Since no claim had been made to UNIC, Savant's bad faith and breach of contract claims are not ripe.

Savant additionally argues that UNIC is not prejudiced by the late notice of the claim and references a policy provision governing UNIC's duty to provide coverage in the event of a prejudicial failure by the insured to comply with policy terms. (Rec. Doc. 15 at 4-5). UNIC's reply responds to this argument and distinguishes Savant's authority. The Court declines to address in the context of subject matter jurisdiction the adequacy or inadequacy of notice provided to UNIC under the policy. *See Yingst v. Hudson Ins. Co.*, 2010 WL 2106407, at *1

(N.D. Okla. May 25, 2010) ("Notice of an insurance claim is generally required by an insurance policy, but adequate notice is a contractual requirement, not a prerequisite to the existence of a case or controversy under Article III of the United States Constitution."). The parties do not dispute that the petition filed in this case constituted first notice to UNIC.

Savant also argues that she acted in good faith and mistakenly understood that her property had been insured by Progressive and that MMA had submitted a claim and corresponded with Progressive on her behalf. (Rec. Doc. 15 at 5-6). She also asserts that she filed suit to preserve her rights that would have otherwise prescribed under Louisiana law. (*Id.* at 6-7). While such arguments are reasonable enough, they do not alter the Court's finding that subject matter jurisdiction is lacking. However, Savant's arguments were made in opposition to UNIC's request that this case be dismissed. It bears noting that this case was removed from state court, so 28 U.S.C. § 1447(c) applies and provides in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall be remanded**." (emphasis added). *See Buras v. Hill*, 2023 WL 4234393 (E.D. Tex. June 28, 2023) (noting that "when Defendants removed Buras's case to this Court and simultaneously demonstrated that Buras lacked Article III standing, they negated, rather than established, this Court's jurisdiction, and likewise confirmed the necessity of remand, rather than dismissal."). Neither party addressed the remand of this matter so neither party addressed whether Savant's claims can survive in state court—i.e., whether they would be futile—in light of UNIC's arguments regarding the lack of a claim such that this Court should dismiss rather than remand. This Court agrees with the *Buras* court's refusal to apply the "futility exception" because no such exception is permitted under the plain language of Section 1447(c). *Id.* at *2 (citing *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991), for

8

proposition that remand is mandatory in a removed case where subject matter jurisdiction is lacking). Savant's concerns are more appropriate for resolution in state court.

## Conclusion

For the reasons above, this Court recommends that United National Insurance Company's MOTION TO DISMISS (Rec. Doc. 8) be GRANTED and that this matter be REMANDED to the 27th Judicial District Court, St. Landry Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE in Chambers on this 18th day of September, 2024.

David J. Ayo
United States Magistrate Judge